**Arnold PRIETO, Petitioner–Appellant,**

v.

**Nathaniel QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 05–70035.

United States Court of Appeals, Fifth Circuit.

July 14, 2006.

James Scott Sullivan, San Antonio, TX, for Petitioner–Appellant.

Thomas M. Jones, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent–Appellee.

Before JONES, Chief Judge, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Petitioner–Appellant Arnold Prieto, who was convicted of capital murder and sentenced to death in Texas, has applied for a certificate of appealability ("COA") on two legal issues for which the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied him a COA. To put this application in perspective, we note that the district court did grant Prieto a COA on two other legal issues, but as those are not before us now, we do not address them at this juncture.

Prieto seeks a COA from this Court on two legal issues for which the district court denied him a COA: (1) Whether the State withheld exculpatory evidence that was material to Prieto's defense at the punishment phase of trial in violation of *Brady v. Maryland*[1]; and (2) whether Prieto was denied effective assistance of counsel at the punishment phase of trial because counsel failed to object to particular statements made by the prosecutor in closing argument.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.... Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from" the Court of Appeals.[2] A COA will issue only on a "substantial showing of the denial of a constitutional right."[3] That is, "a petitioner must' show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"[4] "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits.... This threshold inquiry does not require full consideration of the

factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[5]

As we conclude that the district court's disposition of Prieto's application for COA grounded in (1) a *Brady* claim and (2) alleged ineffectiveness of counsel for failing to contest specified statements of the prosecution, could not be the subject of debate among reasonable jurists, we deny COA on these two issues. In doing so, we adopt the fully-researched, well-reasoned and thoroughly written opinion of the district court with respect to the instant issues.[6]

Accordingly, Prieto's application for a COA on these two issues is

DENIED.

---

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. *Miller–El v. Cockrell*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citation omitted).

3. *Id.* at 336, 123 S.Ct. 1029 (citing 28 U.S.C. § 2253(c)).

4. *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation and citation omitted).

5. *Id.*

6. *See* Memorandum Opinion and Order Denying Relief at 105.